[No. 2328.]                                    | 19  241|
                                               | 20  363|

The Colorado & Southern Railway Company v.
Beeson.

Negligence—Railroads—Fencing Track.

Where plaintiff's cow was killed by a railroad train within the inclosure of defendant's fenced right of way, and the killing

occurred by reason of the cow suddenly appearing upon the track from behind an embankment in front of and so near to the engine that it was impossible to have stopped the train in time to save her, and the engineer could not see the cow until she appeared upon the track, and the fences along the right of way in no way hindered the escape of the cow or influenced her movements in coming upon the track, it was error to submit to the jury the question whether the cow was killed by reason of the maintenance of the fences by defendant, and the jury should have been directed to return a verdict for defendant.

*Appeal from the County Court of El Paso County.*

Messrs. Lunt, Brooks & Willcox, Mr. E. E. Whitted, and Mr. J. G. McMurry, for appellant.

Mr. H. McGarry, for appellee.

Thomson, P. J.

Suit by the appellee against the appellant to recover the value of a cow killed by a locomotive engine managed and operated by employees of the defendant. Verdict and judgment for the plaintiff, and appeal by the defendant.

There was no conflict in the evidence. The facts were that the railroad of the defendant ran in a northerly and southerly direction through the land of the plaintiff. The defendant's right of way was inclosed by a fence built before it became the owner of the railroad. A wagon road crossed the track within the boundaries of the plaintiff's premises, and, at the point of crossing, there was a cattle guard across the track, which had been filled up with sand, so that cattle could easily walk over it and go upon the track and right of way. By whom the cattle guard was constructed, or how long it had been filled with sand, does not appear; but cattle belonging to the plaintiff and others had, for a considerable time, been in the habit of straying across the cattle guard upon the right of way. About a quarter of a mile

south of the cattle guard was a bridge, over which the track was laid. The fence on either side of the right of way joined upon the track at the bridge. On the afternoon of July 20, 1899, the cow was struck by one of the defendant's engines and killed. According to the only testimony concerning the circumstances of the accident, she was struck,—using the expression of the witness,—about one and one-half telegraph pole lengths north of the bridge. There was an embankment at that point, at the bottom of which she had been, and which hid her from the view of the engineer on the locomotive. She climbed up the bank and made her appearance on the track about three telegraph pole lengths ahead of the engine. As soon as the engineer saw her he blew the whistle and applied the air brakes. It was impossible to stop the train within that distance, or short of eight telegraph pole lengths.

At the close of the testimony defendant's counsel requested the court to direct a verdict for the defendant. The court refused the instruction asked, and, instead, instructed the jury that the accident was not due to any negligence on the part of the company, or its employees, in operating the engine which struck the animal; but submitted to them the question whether the animal was struck and killed by reason of the maintenance of the fences by the defendant. In defending this submission, counsel for the plaintiff relies upon *R. R. Co. v. Robinson*, 6 Colo. App. 432. In that case, when the engineer first saw the animal it was helplessly entangled in a bridge. The fences were so contrived and placed that an animal fleeing from a train approaching the bridge, was bound to be driven upon it; and, once there, its escape was impossible. That animal was

killed upon the bridge; and the responsibility of the company for maintaining a partial inclosure to which an animal had open and easy access, but from which there was no outlet, was held to be a proper subject of inquiry, if the want of outlet was the cause of the animal's destruction. But in this case the cow was not run upon and killed while attempting to escape over the bridge. Even if the maintenance of the fences and the choked condition of the cattle guard might, in a particular case, give rise to a good cause of action; yet, unless the injury complained of is traceable to them as a cause, it is immaterial what degree of negligence in connection with them might, in a proper case, be chargeable against the defendant. No liability attaches on account of negligence, unless damage results from it. Now there is an utter lack of evidence from which it might be inferred that the presence of the fences was in any manner connected with the movements of the cow. She climbed up the embankment and placed herself upon the track, a short distance ahead of the approaching train, just as she might, and, so far as the evidence throws any light upon the subject, would have done, if the fences had not been there; and the fences interposed no obstacle to her escape.

The statement of the court that no negligence had been shown in the management and operation of the engine, was correct; but the submission of the question whether the animal was killed by reason of the maintenance of the fences, was not warranted by the evidence. The defendant's request for an instruction directing a verdict in its favor should have been allowed, and the refusal to allow it was error.

Let the judgment be reversed.

*Reversed.*